MINUTE ENTRY
ROBY, M. J.
June 29, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JOSEPH DUPLANTIER** | **CIVIL ACTION** |
| **VERSUS** | **NO:   09-8066** |
| **BISSO MARINE CO. INC., ET AL.** | **SECTION: "N" (4)** |

### ORDER

Before the Court is a **Partial Motion to Quash Subpoena, Objection and Motion for Protective Order (R. Doc. 41)** filed by the Plaintiff, Daniel Duplantier ("Duplantier") and his economic expert, John Theriot ("Theriot"), seeing to partially quash a subpoena issued by the Defendant, Bisso Marine Company, Inc.  Alternatively, Duplantier seeks a protective order which provides that Theriot is not required to produce reports from any prior cases which are unrelated to the instant action.  Bisso opposes the motion. (R. Doc. 46.)  This motion is was heard with oral argument on **Wednesday, June 29, 2011**.

### I.     Background

Duplantier brings this action against his former employer, Bisso, and their insurance company, ABC Insurance Company, for slip and fall injuries sustained while he was employed as a seaman and member of the crew of the M/V Joseph A. Bisso.  (R. Doc. 1, ¶ V.)  The vessel was located in the Gulf of Mexico off the coast of the Parish of Cameron, State of Louisiana.  (R. Doc.

MJSTAR:  00:08

1, ¶ VII.) Duplantier claims that when he slipped and fell on July 16, 2009, he sustained serious and permanent injuries to his knees, back, and other parts of his body. (R. Doc. 1, ¶ XI.) Duplantier brings his claims under the Jones Act, 46 U.S.C. § 688, and general Maritime law, and asserts that the M/V Joseph A. Bisso was unseaworthy. Duplantier further alleges that Bisso's negligence resulted in his sustained injuries.

As to the instant motion, on May 12, 2011, the Bisso issued a subpoena *duces tecum* on Duplantier's expert, John W. Theriot. The subpoena requests that Theriot produce

> All documents received, including correspondence, in connection with your opinion in the above-captioned matter and all of your expert reports for the last five years in which you have used a person's wage history instead of a single year's earnings to calculate wage loss, redacting from those reports each claimant's personal identifying information.

(R. Doc. 41-3, p. 1.) Theriot contends that the subpoena is unduly burdensome insofar as it requests all information on past cases in which he has testified either by deposition or at trial. Therefore, it seeks to quash the subpoena or issue a protective order so that Theriot is not required to produce reports from any prior cases unrelated to the instant case. Bisso opposes the motion.

**II.    Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of

discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### III.     Analysis

Duplantier contends that Theriot has already fully complied with all of the requirements of Rule 26 and the requirements of the Court's pre-trial order. He further contends that the subpoena is unduly burdensome because Bisso can "easily locate transcripts through its own efforts and connections in the legal community." (R. Doc. 41, p. 2.) Duplantier and Theriot contend that it would be unduly burdensome because he would have to go through each of his files in the last five years to redact all of the information which may identify the person at issue in the evaluation. Duplantier and Theriot contend that the request further seeks unrelated reports.

Duplantier and Theriot further contend that Bisso is currently in the process of scheduling Theriot's deposition. They contend that at the deposition, Bisso can ask Theriot about his use of a "historical approach" for calculating wage loss, and therefore, there is no reason to produce documents of his prior reports which use this approach.

Bisso concedes that the Plaintiff has fully responded to the subpoena duces tecum in all other

respects. The only documents which remain outstanding are those which relate to cases in which Theriot has served as an expert and utilized a "historical approach" when assessing wage loss claims.

In response, Bisso contends that Theriot has been retained to testify about the Plaintiff's wage loss claim. Bisso contends that Theriot issued a report concerning the wage loss claim using a "snapshot" approach in which he only utilized Duplantier's 2009 earnings when assessing his damages. However, in other cases in which Theriot has served as an expert, he has utilized a "historical approach" in which a plaintiff's earnings over a period of time is utilized when assessing damages. Bisso contends that the documents requested are relevant because "[i]f Theriot himself used a different methodology in calculating wage loss in other cases as opposed to the snapshot used here, Bisso Marine should be permitted to traverse him at deposition or trial regarding that information." (R. Doc. 46, p. 2.)

Bisso further contends that the Plaintiff's motion should be procedurally denied. Bisso contends that the instant motion was not filed until June 10, 2011, two (2) weeks after the deadline to object under the Federal Rules. Bisso contends that under Federal Rule of Civil Procedure, an objection was due within 14 days after the service of the subpoena. Bisso argues that Theriot did not object to the subpoenas and therefore his objections are waived.

> Federal Rule of Civil Procedure 45 provides in relevant part:
>
> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises–or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed.R.Civ.P. 45(c)(2)(B). Here, the subpoena was served on May 12, 2011, and compliance was required by May 27, 2011. Therefore, objections were due 14 days after the subpoena was served, on May 26, 2011. The Plaintiff and Theriot did not formally object to the subpoena and instead filed the

instant motion on June 10, 2011, fifteen (15) days after the final day in which to serve objections. As such, the Court finds that the Plaintiffs objections are waived.

However, at the hearing, the Court noted that the request, insofar as it seeks Theriot's records for the past five (5) years is unduly burdensome. At the Court's suggestion, Bisso agreed to limit its request to Theriot's records for the past two (2) years.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Daniel Duplantier and John Theriot's **Partial Motion to Quash Subpoena, Objection and Motion for Protective Order (R. Doc. 41)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that John Theriot shall produce all of his expert reports for the last two (2) years in which he has used a person's wage history instead of a single year's earnings to calculate wage loss, redacting from those reports each claimant's personal identifying information, within **two (2) weeks** within the signing of this Order.

New Orleans, Louisiana, this 30th day of June 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**