UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DANIEL JOSEPH DUPLANTIER                          CIVIL ACTION

VERSUS                                            NO.  09-08066

BISSO MARINE CO., INC.  and ABC
INSURANCE COMPANY                                 SECTION "N" (3)

## ORDER AND REASONS

Presently before the Court is a motion for partial summary judgment (Rec. Doc. 33) seeking a determination that Defendant, Bisso Marine, does not owe maintenance and cure to Plaintiff Duplantier for his alleged back injury.  Having carefully reviewed the parties' opposing and supporting submissions (Rec. Docs. 33-1, 36, and 40), **IT IS ORDERED** that the motion is **DENIED**.

## BACKGROUND

On July 16, 2009, Plaintiff, while working as a welder for Defendant aboard its dive vessel, slipped and fell on the vessel's deck.  As a result of that fall, Plaintiff seeks to have surgery on his lower back at Defendant's expense.  In its motion, Defendant maintains that Plaintiff cannot meet his burden of proving that his alleged back injury occurred, was aggravated, or manifested itself, while he worked aboard Defendant's dive vessel.  Therefore, Defendant argues that Plaintiff's instant request for maintenance and cure should be denied.

Specifically, Defendant maintains that, after his "slip and fall," Plaintiff did not complain about any pain in his back for six months, and made no complaints of back pain to his first three doctors.  Rather, Defendant contends that Plaintiff first asserted back pain in the complaint that

he filed herein on December 30, 2009 (Rec. Doc. 1), and, significantly, that Plaintiff previously had complained only of pain to his left knee.  Additionally, according to Defendant, despite receiving medical treatment on a regular basis for the two months following his December 30, 2009 complaint, Plaintiff never discussed his alleged back pain with any health care provider during that time. Instead, his first such report to medical personnel occurred in the court of physical therapy testing in February or March 2010.  Then, over the next several months, Plaintiff's reports of back pain were sporadic, and did not become routine until he commenced treatment with a fourth orthopedist, Dr. Donald Dietze, in October 7, 2010.  Finally, Defendant emphasizes that a February 2011 independent medical examination by Dr. Robert Steiner, also an orthopedic surgeon, yielded a finding that Plaintiff's slip and fall aboard Defendant's vessel did not cause any of his alleged back problems.  In sum, Defendant avers that Plaintiff's back claim "is a belated attempt to impose obligations on [Defendant] that are unwarranted." *See* Rec. Doc. 33-1, at p. 9.

In response, Plaintiff maintains that the question of the cause of his herniated lumbar disc presents a classic issue of material fact to be determined by a jury upon consideration of Plaintiff's own November 2, 2010 deposition testimony, the opinions of opposing medical experts, and other admissible evidence.  Significantly, Plaintiff testified that his left foot slipped from underneath him, and that he fell hard, on his back, on the deck.  *See* Rec. Doc. 36, at p. 2.  Further, Plaintiff adds that, when he initially fell, his back "was killing" him because of the "force from hitting the wood," but he was in shock and, when he stood and took a step, his knee hurt so badly that he instead focused on his more serious knee pain.  *Id.* at pp. 2-3.

## LAW AND ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

In this instance, having carefully considered the parties' submissions, the Court concludes that genuine issues of material fact exist regarding the cause of Plaintiff's back injury and the need for surgery to remedy the injury. In short, Plaintiff and Defendant present competing evidence relating to the cause of his back injury and whether an operation would remedy the injury.

3

With its motion, Defendant essentially asks the Court to weigh the credibility of that evidence.  It is the "sole province of the jury, however, to weigh the evidence and the credibility of the witnesses." *United States v. Davis*, 752 F.2d 963, 968 (5th Cir. 1985). Thus, for that reason, the Court denies Defendant's pre-trial motion.  Nevertheless, a ruling in Defendant's favor at trial, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, ultimately could be warranted.[1]   At present,  however, the Court finds that, on the showing made, Plaintiff is entitled to present evidence supporting his claims to the trier of fact.

New Orleans, Louisiana, this 21st day of September 2011.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[1]     For instance, page 7 of Defendant's memorandum (Rec. Doc. 33-1) sets forth several factors tending to cast doubt upon the credibility and reliability of Plaintiff's assertions relative to the July 16, 2009 accident and alleged resulting back injury.

4