UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL JOSEPH DUPLANTIER | CIVIL ACTION |
| VERSUS | NO. 09-8066 |
| BISSO MARINE CO., INC., ET AL | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is the motion of defendant Bisso Marine Company, Inc. ("Bisso Marine"), to exclude the testimony and report of plaintiff's expert Don Green (Rec. Doc. 42); and plaintiff Daniel Joseph Duplantier's ("Duplantier") motion to supplement original expert report of Don Green (Rec. Doc. 45). Both motions are opposed.

Both of these motions relate to the opinions contained in the expert report of Mr. Don Green, offered as an expert in the field of marine operations. In his report dated May 24, 2011, Mr. Green offers five opinions (labeled sequentially as 4.1 through 4.5). These expert opinions are:

**4.1** Subject to receiving additional information or records, it is my opinion that the cause of this accident was the failure of the defendants to provide Mr. Duplantier with a safe place of employment free from hazards. Mr. Duplantier slipped on a deck, muddy with debris from the vessel's divers. Although an area had been designated for the divers to clean themselves and their gear, they chose to wash where the runoff would stand in the welder's area. Additionally, after cleaning their gear, no regular effort was made to

hose down the deck, which became slick from their mud. The defendant's lack of good housekeeping is in direct violation of 33 CFR 142.84, which states in part *"All staging, platforms and other working surfaces and all ramps, stairways and other walkways must be kept clear of portable tools, materials and equipment not in use and be promptly cleared of substances which create a tripping or slipping hazard."* Had good housekeeping policies been enforced onboard the vessel the deck would have been kept clean of mud and this accident would have been avoided.

**4.2**  It is my opinion that the defendant, Bisso Marine, was in violation of 33 CFR 142.4, Duties of lessees, permittees, and persons responsible for actual operations, for its failure, as owner and operator of the JOSEPH BISSO to ensure a safe place of employment free from recognized hazards to Mr. Duplantier. The presence of mud and other debris in Mr. Duplantier's work area is, in my opinion, a recognized hazard under the definition outlined in 33 CFR 142.4 (c)(1) and (2).

**4.3**  It is my opinion that the accident described in this report was preventable and could have been avoided had proper supervision, guidance and policies been provided to and/or followed by the crew of the *JOSEPH BISSO* regarding safe working conditions. Had the crew of the *JOSEPH BISSO* been properly trained and supervised in the importance of good housekeeping including leaving trafficked and work areas clear of obstacles and debris, this accident could and would have been avoided.

**4.4**  According to the available testimony, Mr. Duplantier's only option for leaving his work area was to either climb over the pipe assembly or crawl under it. Due to the presence of mud and debris on the deck Mr. Duplantier chose to climb over the pipe, which in my opinion was a reasonable course of action under the circumstances. The defendants have a responsibility to provide safe means of ingress and egress to all work areas, which in this case was not available.

**4.5**  It is my opinion that the *JOSEPH BISSO* was unseaworthy at the time of this accident for the reasons outlined above.

Mr. Green supplemented his report with a letter dated June 15, 2011, a mere two days after Bisso Marine's "Motion to Exclude Testimony and Report of Don Green" (Rec. Doc. 42) was filed. In his supplement, Mr. Green states simply:

> The purpose of this letter is to supplement Ref: (b) regarding my opinions outlined therein. To clarify, my opinions that Bisso failed to provide Plaintiff a safe place of employment free from hazards, lacked good housekeeping policies or failed to follow same, and that the presence of mud and other debris in Plaintiff's work area and failure to leave traffic and work areas clear of obstacles and debris and finally, failure to provide safe egress and ingress to all work areas violated customary standards and practice in the offshore and maritime industry and specifically work aboard vessels, as well as the other standards set forth in Ref: (b).
>
> The opinions expressed in my report of May 24, 2011, are hereby supplemented to include the above additional opinion. This is a supplement report. Should I be furnished additional information, I reserve the right to amend or supplement these opinions.

The parties disagree as to whether the supplement contains "new" opinions, or merely clarifies the opinions previously stated. For purposes of these motions, however, the Court need not make such a distinction.

Opinions 4.1 (in part), 4.2 and 4.5 contain legal opinions which are to be decided by the jury. In other words, the jury will hear all of the facts, the Court will instruct the jury as to the law, and the jury will formulate its opinions as to each of these items. Mr. Green will not be allowed to offer opinion testimony as to these items in his report. Moreover, the issue of whether the plaintiff's work space was safe and free from hazards, particularly the mud and other debris from the vessel's divers, is also a question the answer to which a lay person may discern (Opinion 4.1), as is a determination of whether the accident in question was preventable (Opinion 4.3).

As to Opinion 4.4, this too appears to be an evaluation of fact testimony by Mr. Green, who is not a juror in this case and who is not uniquely qualified by training, education, and/or experience to deduct this conclusion any more so than a juror. Clearly, jurors who hear all of the testimony can determine whether the plaintiff Duplantier's actions were reasonable in order to avoid or prevent an

3

accident. To the extent that these "opinions" are also reflected in the supplemental report, they too shall not be permitted.

Mr. Green shall be permitted to testify, if he can, as to the customary practices utilized on a vessel of the sort on which plaintiff was injured, and in particular he may testify as to the proper safety instructions usually given, safety and inspection steps taken during operation, maintenance of work areas to ensure that they are free from hazards and other unsafe practices, and typical overall vessel operation by various crew members, whose customary duties he may describe. Mr. Green may not express an opinion as to whether the defendant in this case specifically complied with any such duty, whether customary or regulatory. Nor may he testify as to any legal opinion which might in any way relate to liability of Bisso Marine herein.

For these reasons, the two motions (Rec. Docs. 42 and 45) are **GRANTED IN PART AND DENIED IN PART**, as described herein.

New Orleans, Louisiana, this 9th day of February, 2012.

                                              **KURT D. ENGELHARDT**
                                              **United States District Judge**