UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL JOSEPH DUPLANTIER                               CIVIL ACTION

VERSUS                                                 NO.: 09-8066

BISSO MARINE CO., INC., ET AL                          SECTION:"N" (4)

**REPORT AND RECOMMENDATION**

Before the Court is a **Motion for Summary Judgment to Enforce Settlement (Rec. Doc. No. 121)** filed by defendant, Bisso Marine Co., Inc. ("Bisso Marine"), which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636**, **Fed. R. Civ. P. 72**, and **Local Rule 73.3E**.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.  **Factual and Procedural Background**

The plaintiff, Daniel Joseph Duplantier ("Duplantier"), filed the captioned case seeking to recover for injuries he allegedly sustained on July 16, 2009, while working as a welder on the M/V JOSEPH A. BISSO owned by Bisso Marine. On February 17, 2012, Duplantier and Bisso Marine reached a compromise agreement which was placed on the record of the Court.[2] The Court issued

---

[1] Rec. Doc. No. 122.

[2] Rec. Doc. Nos. 114, 121-2, Redacted Transcript of Settlement.

a sixty-day order of dismissal on February 23, 2012, in which it retained jurisdiction to enforce the compromise agreement.[3]

On March 30, 2012, Bisso Marine filed a motion for summary judgment seeking to enforce the settlement. Bisso Marine alleges in the motion that the parties agreed upon written settlement agreement. Duplantier agreed to execute the documents on March 20, 2012, after several attempts by Bisso Marine to schedule a meeting. At the scheduled meeting, Duplantier refused to execute the written agreement or accept the settlement funds.

Bisso Marine alleges that a clear, unambiguous, and binding settlement agreement exists in accord with the relevant terms placed on the record and agreed to by Duplantier. Bisso Marine seeks assistance of the court to enforce the settlement pursuant to the Court's orders and Local Rule 41.2. Duplantier did not file a written opposition to the motion.

## II.   **Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Lindquist v. City of Pasadena, Tex.*, __ F.3d __, 2012 WL 208065, at *6 (5th Cir. Jan. 25, 2012) (quoting *Travelers Lloyds Ins. Co. v. Pac. Emp'rs Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); *Lindquist*, at *6 (quoting *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)). In making this determination, all of the facts must

---

[3]Rec. Doc. No. 117.

be viewed in the light most favorable to the non-moving party. *Id*., 477 U.S. at 248; *Lindquist*, at *6 (*Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 429-30 (5th Cir. 2009)).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant to show that summary judgment should not lie. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001); *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

**III.    Analysis**

The Court has conducted two conferences with all counsel and Duplantier, on April 25, 2012 and May 2, 2012.[4]  Although no written opposition to the motion was filed, Duplantier expressed to the Court the basis for his refusal to sign the written compromise agreement which led to the filing of the pending motion.

Duplantier told the Court that he refused to sign the written agreement because of language contained therein which prevents him from seeking disability or medicare benefits for 30 months from date of execution.  He complained that he did not agree to that in the oral settlement.  He indicated that he has not yet applied for these benefits.

Duplantier's counsel also indicated that other medical bills surfaced after the settlement was reached which were not included in the agreed upon accounting.  This has caused conflict between the amount to be deducted from Duplantier's settlement proceeds to complete payment of or reimburse counsel for costs and expenses.  Both counsel and Duplantier indicated during the first conference that Duplantier's stepmother was in the best position to provide an accurate total for the costs, including the medical bills.  According to counsel for Duplantier, she had previously confirmed to counsel in writing that his accounting was accurate.

At the second conference, the Court spoke with Mrs. Duplantier by conference telephone.  Contrary to counsel's representation, she advised the Court that she could only speak to the accuracy of Duplantier's living expenses and knew nothing of the medical bills.  She stated that she was provided a monthly stipend or advance from counsel which she used to pay Duplantier's living expenses only.  By signing counsel for Duplantier's accounting of the total costs, she intended to

---

[4]Rec. Doc. Nos. 124.  This Report confirms the conference held May 2, 2012.

4

confirm only the accuracy of those expenses. She stated that she had not seen any of Duplantier's medical bills, and she knew nothing about the medical expenses or bills. She declared that those matters were left to counsel.

Counsel for Duplantier stated that the medical expense totals used to perfect the settlement were included in a list of the various medical providers, which he prepared using information obtained from his (and prior counsel's) records, the Duplantier family members, and Bisso Marine. Counsel indicated that, after the settlement was reached, he was provided with a bill indicating that Duplantier still owed the neurosurgeon, Dr. Dietze a balance of $4,296.46 for services rendered between April 27 and September 2, 2011.

To further resolve the issue of the outstanding medical bills, with information obtained from counsel, the Court requested and received facsimiles of the statements from HCA, the debt collection agency for Lakeside Regional Medical Center, dating from July 15, 2009, to August 5, 2011. These statements were reviewed and read into the record by the Court. This review showed that most of the charges by the medical center were paid by or through Bisso Marine and its insurance company. The records also showed the following outstanding matter.

On October 14, 2010, Duplantier received services totaling $4,727.00, for which no insurance or other payment was received by Lakeside Regional Medical Center. Duplantier told the Court it was most likely for physical therapy on his knee after his insurance policy lapsed. He indicated that he fell a few times after surgery when his knee or back would give-out. He also indicated that the debt has been referred to a collection agency. Based on the date of service, this information was available prior to the settlement, however, according to his statements, Duplantier did not tell counsel about the visit or the balance owed. Counsel, however, also did not pursue

5

information from or confer with the medical center about Duplantier's patient account before preparing the list of expenses used during the settlement negotiations.

As the second conference proceeded, both counsel for Duplantier and counsel for Bisso Marine discussed with the Court and Duplantier the meaning and consequences of the language regarding the delay in applying for disability and medicare benefits, including the need for set-asides from the settlement funds. Duplantier voiced his understanding and consented to the 30-month delay before applying for these benefits. Duplantier agreed to sign the written agreement and release of Bisso Marine, and the check was transferred to Duplantier's counsel. The signing and execution of the written agreement and release has rendered Bisso Marine's motion for summary judgment moot.[5]

The Court, however, is still called upon to resolve the dispute over the two remaining medical expense balances discussed above. The settlement was structured to allow counsel to deduct the medical expenses paid by counsel as a reimbursement from Duplantier's portion of the settlement proceeds. The outstanding amounts owed to Dr. Deitze and Lakeside Regional Medical Center were not included in the settlement calculation prepared by Duplantier's counsel.

Having considered the representations of counsel for Duplantier and Duplantier, the Court finds and recommends the following. The Court recognizes that the services rendered by Dr. Deitze occurred before Duplantier's prior counsel withdrew from the case. Nevertheless, after lengthy discussion with current counsel, these expenses should have been known to him or pursued and discovered with exercise of due diligence in preparing the case for trial and settlement. Counsel had a duty to review the files, bills, and records and assure payment of Duplantier's medical expenses

---

[5]To the extent relevant, the Court also does not find that the award of costs for the filing of the motion is warranted since Duplantier's behavior was not contumacious or wholly without legitimate reason.

related to the injury for which Bisso Marine could have been liable. He instead relied upon the efforts of prior counsel and waited for Duplantier to report to him about any known expenses. This leaves counsel responsible for the failure to discover and include a complete billing from the neurosurgeon who played a main role in this litigation.

For these reasons, counsel is responsible for the failure to account for the $4,296.46 still owed to Dr. Deitze after payment by the insurance company and Bisso Marine. Counsel did not abide by his duty to monitor the Duplantier's costs and assure payment of the bills. The Court recommends that counsel for Duplantier be held responsible for the failure to account for this balance, which should have been procured for and included in his pretrial or trial documents and accounted for prior to settlement. Accordingly, the Court recommends that counsel remain responsible for the payment of this amount in full. Counsel should not be allowed to seek reimbursement of this amount from Duplantier's settlement proceeds. During the second hearing, the Court granted counsel leave to pursue a negotiated amount from Dr. Deitze as long as the debt is satisfied by counsel.

With regard to the $4,727.00 owed to Lakeside Regional Medical Center, Duplantier knew the amount was owed and did not report the treatment or balance to counsel. Counsel likewise did not timely pursue a final accounting from the medical center in preparing for trial or settlement. The Court finds that they are equally at fault for the exclusion of this amount from the settlement accounting, and they each are responsible for half of the amount owed. Counsel should be allowed to deduct from the settlement proceeds only the half for which Duplantier is responsible, that is $2,363.50, which shall be paid to the medical center. Duplantier's counsel will be responsible for payment of the remaining $2,363.50. During the second hearing, the Court granted counsel leave

to pursue a negotiated amount from Lakeside Regional Medical Center. Should he do so, Duplantier will only be responsible for half of the negotiated amount, and counsel will be responsible for the balance. In other words, only one-half of the amount actually paid to Lakeside Regional Medical Center will be reimbursed to counsel or deducted from Duplantier's settlement proceeds to perfect full payment of this outstanding balance.

To assist in the resolution of the settlement and release of Bisso Marine, and in light of the fact that the compromise agreement has been signed, the Court allowed Duplantier's counsel to deposit the settlement funds into his trust account. Counsel agreed not to disperse the contested funds until the District Judge has had an opportunity to consider this report and the recommendations made herein. Duplantier was made aware of this and voiced his understanding and consent.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Bisso Marine Co., Inc.'s **Motion for Summary Judgment to Enforce Settlement (Rec. Doc. No. 121)** be **DISMISSED** without prejudice as moot.

It is further **RECOMMENDED** that Duplantier's counsel be **ORDERED** to pay the outstanding patient balance of $4,296.46, or any negotiated amount, to Dr. Deitze on behalf of Duplantier, and that such amount shall not be deducted from Duplantier's portion of the settlement proceeds, but rather that portion of the settlement proceeds to be used to reimburse Duplantier's counsel for his costs.

It is further **RECOMMENDED** that Duplantier's counsel and Duplantier each pay one-half of the $4,727.00 for the balance owed by Duplantier to Lakeside Regional Medical Center or its assign. Counsel should be allowed to deduct from the settlement proceeds only the half for which

Duplantier is responsible, that is $2,363.50, which shall be paid to the medical center or its assign and Duplantier's counsel will be responsible for payment of the remaining $2,363.50. Should counsel negotiate a lesser amount, Duplantier will only be responsible for half of the negotiated amount, and counsel will be responsible for the balance. The remaining funds in counsel's trust account should be disbursed in accordance with the settlement agreement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 10th day of May, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.